UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDMOND EARL BRATTON,

      Plaintiff,

v.          Case No. 3:12-cv-1201-J-12JBT

SECRETARY, DOC, et al.,

      Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) on October 31, 2012. The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state

a claim upon which relief may be granted: (1) Case No. 1:97-cv-02523-WBH (N.D. Ga.) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)[1]); (2) Case No. 2:10-cv-517-FtM-29DNF (M.D. Fla.) (dismissed as an abuse of the judicial process for lying under penalty of perjury about the existence of a prior lawsuit[2]); and, (3) Case No. 3:11-cv-1013-J-20TEM (M.D. Fla.) (dismissed as frivolous).

Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury,[3] his

---

[1] The docket sheet in this case, which is available for viewing on the PACER website, see https://ecf.gand.uscourts, reflects that the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2) (providing that a court shall dismiss a prisoner's case at any time if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief). The Court is unable to view the actual dismissal order; therefore, it is unclear on which of these grounds the court based its dismissal. Plaintiff admits in his Complaint that he filed Case No. 1:97-cv-02523-WBH. See Complaint at 4.

[2] Section 1915(g) is commonly referred to as the "three strikes" provision. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In Rivera, the court found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d at 731.

[3] In the Complaint, Plaintiff asserts that he was subjected to cruel an unusual punishment. From a review of the grievances appended to the Complaint, it appears that the incident in question allegedly occurred in June of 2012. Plaintiff does not allege that he is currently in imminent danger of serious physical injury.

application to proceed <u>in forma pauperis</u> will be denied and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's application to proceed <u>in forma pauperis</u> (Doc. #2) is **DENIED**.

2. This case is hereby **DISMISSED** without prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 9TH day of November, 2012.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

ps 11/5
c:
Edmond Earl Bratton

- 3 -